**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN FERRERA,<br><br>    Plaintiff,<br><br>  v.<br><br>KEVIN W. ROE, et al.,<br><br>    Defendants. | Civil Action No. 25-13463 (KMW) (MJS)<br><br>**MEMORANDUM OPINION** |

**WILLIAMS, District Judge:**

  This matter comes before the Court on the application to proceed *in forma pauperis* (ECF No. 4) complaint submitted in this civil rights matter by Plaintiff Jonathan Ferrera. (ECF No. 1.) Because this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, Plaintiff's application shall be granted. As Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his purported amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* For the following reasons, Plaintiff's complaint shall be dismissed without prejudice.

  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). In deciding a motion to dismiss pursuant

to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his complaint, Plaintiff seeks to bring civil rights claims against the officers who arrested him and the prosecutor's office and prosecutor who pursued his criminal conviction which he alleges was overturned by a state appellate court. (*See* ECF No. 1 at 8-13.) Plaintiff alleges that the prosecutors engaged in abusive litigation tactics in pursuing his conviction despite DNA

2

evidence which undercut the evidence of his guilt and that the police officers falsely arrested him, unlawfully searched him, and "falsified" their police reports regarding his apprehension to suggest Plaintiff was one of the individuals involved in the shooting which preceded his arrest. Plaintiff also seeks to raise a claim against the Jersey City Police Department which employs these officers. (*Id.*) All of the events involving the police officer defendants occurred in or around April 2017. (*Id.*)

Plaintiff first seeks to bring claims against a state court prosecutor and prosecutor's office for their decision to pursue and prosecute charges against him. New Jersey county prosecutor's offices, as arms of the state when engaged in law enforcement, investigatory, and prosecutorial functions, are entitled to Eleventh Amendment immunity from suit and are thus immune from suit in federal court. *See, e.g., Hoffman v. Warren Cnty. Prosecutor's Office*, No. 23-561, 2023 WL 8271806, at *4-5 (D.N.J. Nov. 30, 2023). Individual prosecutors are likewise absolutely immune from suit for their actions which are "intimately associated with the judicial phase of the criminal process" including decisions to begin a prosecution and litigating a criminal trial, even when such acts include acts such as "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings." *Fogle v. Sokol*, 957 F.3d 148, 159-60 (3d Cir. 2020). Because all of Plaintiff's claims against Defendant Roe all arise out of his decision to prosecute Plaintiff and his acts in litigating Plaintiff's criminal prosecution, he is absolutely immune for those acts and Plaintiff's claims against him must be dismissed with prejudice at this time.

In his remaining claims, Plaintiff seeks to raise claims against the Jersey City Police Department and several individual officers for allegedly falsely arresting him, unlawfully searching him, and filing false police reports against him in April 2017. Initially, the Court notes that a city police department is not considered a separate entity apart from the municipality which

operates it and is thus not a proper defendant in a civil rights matter. *See, e.g., Martin v. Red Lion Pol. Dep't*, 146 F. App'x 558, 562 n. 3 (3d Cir. 2005).

Turning to the individual officers, Plaintiff's claims concern his arrest and the resulting reports issued in April 2017, more than eight years before he filed his complaint in this matter in July 2025. Federal civil rights claims filed in this Court are subject to New Jersey's two-year statute of limitations for personal injury matters. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). Claims for injuries associated with false arrests and false imprisonment generally accrue once an individual is charged or receives an initial bond hearing, while claims for unlawful searches will generally accrue once the individual knows of the harm suffered. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Here, Plaintiff was charged following his arrest in 2017 and ultimately pled guilty in March 2022. (*See* ECF No. 1-2 at 16, 49.) The alleged unlawful search was apparently part of his arrest and Plaintiff was undoubtedly aware of it at the time it occurred. Plaintiff's unlawful arrest and false arrest claim thus accrued in 2017, and the statute of limitations for those claims would have expired in 2019, six years before Plaintiff filed this matter. Absent a basis for equitable tolling, those claims appear to be well and truly time barred and must be dismissed at this time. As Plaintiff has yet to have an opportunity to address any tolling argument he may have, however, those claims will be dismissed without prejudice at this time. Should Plaintiff choose to file an amended complaint, he should address the timeliness issue in doing so; failure to do so may result in the dismissal of his untimely claims with prejudice.

In his final set of claims against the individual police officer Defendants, Plaintiff alleges that, in April 2017, they falsified their police reports regarding his arrest to suggest he was one of the individuals involved in the shooting. The filing of false police reports, however, is generally not itself a constitutional violation absent some other constitutional harm. *See, e.g., Hernandez v.*

4

*City of Paterson*, No. 22-6763, 2023 WL 6876008, at * 9 (D.N.J. Oct. 18, 2023). While the Third Circuit has recognized a cause of action for the fabrication of evidence, such a claim requires the plaintiff to plead either that he was convicted at trial because of evidence fabricated by the defendant and there is a reasonable likelihood that he would not have been so convicted absent that evidence; or that he was acquitted at trial and there is a reasonable likelihood that without the fabricated evidence he would not have been criminally charged. *Id.* Plaintiff does not plead facts to support either sort of claim – he apparently pled guilty and no fabricated evidence was apparently used against him at trial, and the fabrications he alleges are largely immaterial facts about how he was encountered during the foot chase after the shooting.

The only alleged improper evidence against Plaintiff is the officer's own allegedly mistaken belief that Plaintiff was one of the individuals involved in the shooting while Plaintiff maintains that he was not. Plaintiff has not pled facts indicating that the allegedly faulty police reports, rather than the arresting officer's own identification of Plaintiff as one of the shooters, actually had any effect on the decision to charge him. An individual's testimony which is incorrect or disputed, however, does not amount to fabricated evidence sufficient to support a constitutional violation. *See Black v. Montgomery Cnty.*, 835 F.3d 358, 372 (3d Cir. 2016). Plaintiff has thus not actually pled a true fabricated evidence claim, merely the filing of allegedly false reports, which is not sufficient to support a claim for relief. *Hernandez*, 2023 WL 6876008 at *9. Plaintiff's claims against the officers related to filing their allegedly faulty police reports must therefore be dismissed without prejudice at this time. Because all of Plaintiff's claims shall be dismissed, his complaint shall be dismissed without prejudice in its entirety.

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 4) shall be granted, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED**. An order consistent with this Opinion will be entered.

                                                 /s/ Karen M. Williams
Hon. Karen M. Williams,
United States District Judge